IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTLE LYNN HAYES,                          1:13-cv-00995-BR

        Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.


MARLENE R. YESQUEN
Black, Chapman, Webber & Stevens
221 Stewart Avenue, #209
Medford, OR 97501
(541) 722-9850

        Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2909

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Cristle Lynn Hayes seeks judicial review of a
final decision of the Commissioner of the Social Security
Administration (SSA) in which she denied Plaintiff's appli-
cation for Supplemental Security Income (SSI) payments under
Title XVI of the Social Security Act.  This Court has juris-
diction to review the Commissioner's decision pursuant to 42
U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the
Commissioner's final decision and **DISMISSES** this matter.


2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for SSI on November 16, 2009. Tr. 154.[2]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a video hearing on May 1, 2012.  Tr. 22.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 22.

The ALJ issued a decision on May 24, 2012, in which he found Plaintiff is not entitled to benefits.  Tr. 30.  That decision became the final decision of the Commissioner on April 16, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

## BACKGROUND

Plaintiff was born on October 24, 1962, and was 49 years old at the time of the hearing.  Tr. 154.  Plaintiff completed high school and two years of college.  Tr. 42.  Plaintiff has past relevant work experience as a fast-food worker and medical transcriber.  Tr. 61.

Plaintiff alleges disability since October 29, 2009,[3] due to

---

[2]  Citations to the official transcript of record filed by the Commissioner on October 22, 2013, are referred to as "Tr."

[3]  Plaintiff alleged an onset date of June 7, 2007, in her application, but at the hearing she amended her alleged onset date to October 29, 2009.  Tr. 41.

fibromyalgia, sciatica, neuropathy, bursitis, spondylosis, depression, high-blood pressure, asthma, and "right leg problems." Tr. 41, 177.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 24-30.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis when the ALJ is determining whether a claimant can still
work despite severe medical impairments.  An improper evaluation
of the claimant's ability to perform specific work-related
functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in

7 - OPINION AND ORDER

the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also*
*Keyser*, 648 F.3d at 724-25. Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform. *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2. If the Commissioner meets this burden, the claimant
is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity since October 29, 2009, her
alleged onset date. Tr. 24.

At Step Two the ALJ found Plaintiff has the severe
impairments of nerve sheath tumor of the lumbosacral spine with
post-operative scarring, degenerative disc disease of the
lumbosacral spine, degenerative disc disease of the cervical
spine, hypertension, and asthma.[4] Tr. 24.

At Step Three the ALJ found Plaintiff's impairments do not

---

[4] The Court notes the ALJ based his findings as to these
impairments on the medical diagnoses of Plaintiff that appear in
the record rather than statements in Plaintiff's applications.
*See* Tr. 24, 177.

meet or equal the criteria for any impairment in the Listing of
Impairments.  Tr. 26.  Based on Plaintiff's application dated
July 9, 2010, the ALJ found Plaintiff had the RFC to perform a
full range of sedentary work.  The ALJ also found Plaintiff has
had the RFC since August 1, 2010, to perform light work except
she only "is able to lift and/or carry 20 pounds occasionally and
10 pounds frequently, stand and/or walk about six hours in an
eight-hour day, and sit about six hours in an eight-hour day, can
no more than occasionally climb, stoop, kneel, crouch, or crawl,
and can frequently balance."  Tr. 26-27.

At Step Four the ALJ concluded Plaintiff is capable of
performing her past relevant work as a medical transcriber and a
fast-food worker.  Tr. 30.  Accordingly, the ALJ found Plaintiff
is not disabled and, therefore, is not entitled to benefits.


## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly
discrediting Plaintiff's testimony; (2) improperly rejecting
the opinions of treating physician Richard Julyan, M.D.; and
(3) posing an incomplete hypothetical to the VE.

## I.   Plaintiff's Testimony

Plaintiff alleges the ALJ erred by failing to give clear
and convincing reasons for rejecting her testimony as to the
intensity, persistence, and limiting effects of her symptoms.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d at 750 (citing *Lester*, 81 F.3d at 834.  General assertions that the claimant's testimony is not credible are insufficient. *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified some of her pain symptoms went away after her back surgery in May 2011, but she is still unable to stand in one spot very long and experiences pain if she walks more than a block.  Tr. 47.  Plaintiff stated she was diagnosed with fibromyalgia "years ago," and it has spread to both legs.  Tr. 48.  Plaintiff complained of numbness, pain, and

swelling in her hands and stated she drops things often.   Tr. 49.
Plaintiff testified her daily activities include watching
television, reading, and making simple meals, but she needs
assistance with tasks like vacuuming and cleaning.   Tr. 53-54.

      The ALJ found Plaintiff's medically determinable impairments
could reasonably be expected to cause some of her alleged
symptoms, but her statements concerning the intensity,
persistence, and limiting effects of her symptoms were not
credible to the extent that they were inconsistent with
Plaintiff's RFC.   Tr. 27.   The ALJ found Plaintiff's "allegations
of continuing, significant difficulty with standing, walking, and
sitting post-surgically are contradicted by the objective medical
evidence and her relatively routine treatment history post
surgery."   Tr. 29.   The ALJ also found Plaintiff's testimony
regarding "such extreme symptoms" was "flatly contradict[ed]" by
the post-operative progress notes of treating physician Thomas J.
Altstadt, M.D., in which he noted Plaintiff was "doing well" and
was "quite happy with the results."   Tr. 29, 314-15.   The ALJ
also found Plaintiff's daily activities of watching television,
reading, driving, preparing simple meals, and traveling outside
of Oregon by car in October 2011 were inconsistent with her
alleged limitations.   Tr. 29.

      The ALJ also found some of Plaintiff's alleged medical
impairments were not medically determinable and not supported by

11- OPINION AND ORDER

medical evidence or her treatment history.  Tr. 25.  For example,
although Jim Shames, M.D., noted in September 2008 that Plaintiff
"describes herself as having fibromyalgia" and Dr. Julyan
"appears to have accepted [Plaintiff's] assertion of her
condition [of fibromyalgia]," the record does not reflect any
testing for fibromyalgia or any formal diagnosis of this
condition by any treating or examining physician.  Tr. 25, 375,
538.  Moreover, although Plaintiff testified fibromyalgia was
specifically affecting her legs, the ALJ noted the condition
generally "affects patients globally."  Tr. 25 (citing SSR
99-20 n.3).

The Court concludes on this record that the ALJ did not err
when he rejected Plaintiff's testimony because he provided clear
and convincing reasons for doing so.

## II.  Medical Opinion Evidence

An ALJ may reject an examining or treating physician's
opinion when it is inconsistent with the opinions of other
treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are
based on substantial evidence in the record."  *Thomas v.
Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v.
Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical
opinion of an examining or treating physician is uncontroverted,
however, the ALJ must give "clear and convincing reasons" for

rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v.*
*Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).  Generally the more
consistent an opinion is with the record as a whole, the more
weight an opinion should be given.  20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor
treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician."  *Id*. at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate his
reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.*
*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining
physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record.  *Id*. at 600.

Plaintiff contends the ALJ improperly rejected the opinion
of treating physician Dr. Julyan.  On August 9, 2011, Dr. Julyan
completed a Physical Residual Functional Capacity Questionnaire
regarding Plaintiff.  In the questionnaire Dr. Julyan explained
he has treated Plaintiff for three years and has seen her on a
monthly basis.  Tr. 538.  He diagnosed Plaintiff with lumbar

radicular pain, cervical radicular pain, fibromyalgia, and an abnormal gait. Tr. 538. Dr. Julyan stated Plaintiff has moderate-to-severe pain in her spine, pelvis, and extremities on a daily basis. Tr. 538. Dr. Julyan also stated Plaintiff has a decreased range of motion in her neck, lower back, hips, and upper extremities and weakness in her upper left extremity. Tr. 538. Dr. Julyan opined Plaintiff also suffers from depression and anxiety and is incapable of tolerating even a "low stress" job due to the fact that Plaintiff experiences moderate-to-severe pain with light exertion. Tr. 539. Dr. Julyan opined Plaintiff is only able to sit or to stand for five minutes at a time before changing position, and in an eight-hour work day she can stand or walk for less than two hours and can sit for at least six hours. Tr. 540. Dr. Julyan stated Plaintiff would need to take five-to-ten minute breaks every hour during an eight-hour workday and would need a cane when standing or walking. Tr. 540. Dr. Julyan also opined Plaintiff is capable of lifting ten pounds rarely and is unable to tilt her head down or up, twist, stoop, crouch, or climb ladders. Tr. 541. He also stated Plaintiff has significant limitations with reaching or fingering and can only use her right hand eighty-percent of the time and her left hand ten-percent of the

time in an eight-hour workday.  Tr. 541.  Dr. Julyan stated he
would expect Plaintiff to miss more than four days of work per
month as a result of her impairments.  Tr. 541.

    The ALJ gave less weight to Dr. Julyan's opinion than the
opinion of Sharon Eder, M.D., a Disability Determination
Services[5] medical consultant who opined Plaintiff was capable of
light work with some postural limitations.  Tr. 29, 300-07.  The
ALJ gave less weight to Dr. Julyan's opinion in part because
Dr. Julyan relied on conditions that Plaintiff failed to
establish as medically determinable such as fibromyalgia and
cervical radicular pain and because Dr. Julyan relied heavily on
the subjective complaints of Plaintiff, who the ALJ found was not
entirely credible.  Tr. 29.  The ALJ also noted Dr. Julyan was
"vague with respect to some findings" and noted some
inconsistencies between Dr. Julyan's progress notes and his
August 9, 2011, opinion.  For example, Dr. Julyan stated in the
August 9, 2011, questionnaire that Plaintiff has decreased range
of motion in her extremities, but he noted in May 24, 2011, that
Plaintiff had full range of motion.  Tr. 493, 538.  The ALJ also

---

[5]  Disability Determination Services (DDS) is a federally
funded state agency that makes eligibility determinations on
behalf and under the supervision of the Social Security
Administration pursuant to 42 U.S.C. § 421(a).

15- OPINION AND ORDER

found the treatment regimen prescribed by Dr. Julyan and other
treating sources was not commensurate with Dr. Julyan's "rather
extreme" opinion.  For example, the ALJ found Dr. Julyan's
opinion as to Plaintiff's physical limitations was not supported
by other treating sources such as Dr. Altstadt, a neurological
and orthopedics specialist.  Dr. Altstadt performed Plaintiff's
back surgery in May 2010 to remove a nerve sheath tumor.
Tr. 261-63.  Dr. Altstadt's post-operative notes state Plaintiff
was "doing well," her leg pain was significantly improved, the
paresthesias she experienced was much less severe and frequent
than before surgery, and Plaintiff was "quite happy with the
results" of the operation.  Tr. 314-15.

       The Court concludes on this record that the ALJ did not err
when he rejected Dr. Julyan's opinion because the ALJ provided
legally sufficient reasons supported by the record for doing so.

**III. The ALJ's hypothetical to the VE was complete.**

       Plaintiff contends the ALJ's hypothetical to the VE was
inadequate because it did not contain all of Plaintiff's alleged
limitations.  The Court has already found the ALJ did not err
when he found Plaintiff was not entirely credible regarding her
limitations and when he discounted the opinion of Dr. Julyan.

       Accordingly, on this record the Court concludes the ALJ's
hypothetical to the VE was not inadequate.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of June, 2014.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


17- OPINION AND ORDER